IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82436-TJM |
| PROFESSIONAL VETERINARY ) | |
| PRODUCTS, LTD., ) | CHAPTER 11 |
| ) | |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82437JM |
| PROCONN, LLC, ) | |
| ) | CHAPTER 11 |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82438-TJM |
| EXACT LOGISTICS, LLC, ) | |
| ) | CHAPTER 11 |
| Debtor(s). ) | |

ORDER

This matter is before the court on the debtor's[1] motion for summary judgment as to the reclamation claim of Boehringer Ingelheim Vetmedica, Inc. ("BIV") (Fil. No. 695) and resistance by BIV (Fil. No. 736). Robert J. Bothe and Michael T. Eversden represent the debtor, and J. Talbot Sant, Jr., represents BIV. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

I. Background

BIV manufactures and sells pharmaceutical products used in the field of veterinary medicine. It sold pharmaceutical products to Professional Veterinary Products, Ltd. ("PVP"), on credit. Some of those products were sold and delivered to PVP within 45 days before PVP filed its Chapter 11 petition on August 20, 2010. Since August 25, 2010, BIV has been asserting its right to reclaim those products from the debtor under the provisions of the Nebraska Uniform Commercial Code and 11 U.S.C. § 546(c). In the meantime, the debtor sold substantially all of its inventory to another company, and subsequently filed a liquidating plan. The debtor filed a notice of proposed treatment

---

[1] The bankruptcy cases of three related debtors are jointly administered under the Professional Veterinary Products, Ltd., caption. This motion was filed on behalf of all three debtors, but for convenience, the order will refer to the debtors in the singular as Professional Veterinary Products, Ltd., or PVP.

of reclamation claims (Fil. No. 387) in which it proposed to deny all reclamation claims for three reasons: (1) because the inventory had been sold with proceeds going to the debtor's senior lender, (2) because the reclamation claimants failed to protect their interests in inventory, and (3) because PVP was not insolvent on the petition date. BIV objected to the debtor's attempt to eliminate its reclamation rights and the court took steps to progress the matter for trial. The progression is stayed pending the outcome of the debtor's motion for summary judgment.

The issue before the court is whether BIV as a reclaiming seller has a remedy now that the goods are no longer available.

## II.  Summary Judgment Standard

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

## III.  Uncontroverted Facts

The following facts are uncontroverted for purposes of this motion:

1. On August 20, 2010, PVP, together with two of its affiliates, filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

2. Between July 6, 2010 and July 31, 2010, BIV delivered to the debtor, in the ordinary course of business, goods valued at more than $1 million.[2] BIV would not have delivered goods to PVP on credit had it known of PVP's insolvency or intention to seek protection under the Bankruptcy Code.

3. BIV neither sold nor delivered any goods to the debtor during the period from August 1, 2010, through the petition date.

---

[2] BIV asserts an aggregate invoiced amount of $1,747,870.22. The debtor uses a book value of $1,345,857.01.

-2-

4.  On August 25, 2010, BIV made written demand on the debtor to reclaim the products purchased from BIV between July 6 and July 31, 2010. At the time, the debtor had in its possession and subject to reclamation products with a book value of at least, or no less than, $689,972.03.

5.  The debtor responded to BIV's reclamation notice on August 30, 2010, denying that BIV held a valid reclamation claim and refusing to return the products, allow BIV to inspect the inventory, or provide an accounting of what BIV products remained in inventory at the time of the reclamation demand.

6.  On the petition date, the debtor filed a motion for approval of procedures to sell certain assets, including substantially all of the debtor's inventory. That motion was granted on August 26, 2010.

7.  BIV filed an adversary proceeding on September 8, 2010, seeking immediate reclamation of its products, the turnover and an accounting of any proceeds from the sale of products which were subject to reclamation, or alternatively, the imposition of a lien or allowance of an administrative expense claim equal to the invoice amount of goods which were not turned over, and an injunction prohibiting the sale of the inventory.

8.  The court confirmed the sale of assets to IVESCO Holdings, LLC, on September 14, 2010. The order included the following language:

    Pursuant to 11 U.S.C. § 363(f), the Sale Assets shall be transferred to the Buyer, and upon and subject to the Closing, shall be free and clear of all Interests, with all such Interests to attaching to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Sale Assets, subject to any claims and defenses Debtors may possess with respect thereto, such that the Buyer shall not have any liability or obligation with respect to the Interests on and after the Closing Date.

Fil. No. 161 ¶ 7.

9.  The court entered an order on September 29, 2010, granting the debtor's motion to establish "exclusive, global" procedures for determining, inter alia, reclamation claims. See Fils. No. 192 and 243.

10. On November 8, 2010, the debtor filed its notice of proposed treatment of reclamation claims, giving rise to the motion presently before the court.

IV.  Discussion

Reclamation rights are codified in the seller's remedies section of the Uniform Commercial Code:

> 2-702. Seller's remedies on discovery of buyer's insolvency
>
> (1) Where the seller discovers the buyer to be insolvent he may refuse delivery except for cash including payment for all goods theretofore delivered under the contract, and stop delivery under this article (section 2-705).
>
> (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.
>
> (3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser or lien creditor under this article (section 2-403). Successful reclamation of goods excludes all other remedies with respect to them.

Neb. U.C.C. § 2-702.

BIV's reclamation claim is brought under 11 U.S.C. § 546(c), which is the exclusive reclamation remedy in the Bankruptcy Code. Section 546 addresses the limitations on a trustee's avoiding powers. Those avoiding powers are subject to the rights of a seller of goods to reclaim the goods under certain circumstances:

> (c)    (1) Except as provided in subsection (d) of this section and in section 507(c), and subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof, the rights and powers of the trustee under sections 544(a), 545, 547, and 549 are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of the commencement of a case under this title, but such seller may not reclaim such goods unless such seller demands in writing reclamation of such goods –
>     (A) not later than 45 days after the date of receipt of such goods by the debtor; or
>     (B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.
> (2) If a seller of goods fails to provide notice in the manner described in

paragraph (1), the seller still may assert the rights contained in section 503(b)(9).

§ 546(c).

Reclamation is not a self-executing remedy; U.C.C. § 2-702 merely gives the seller the right to lay claim to the goods, but does not provide the seller with a right to repossession. In re Waccamaw's HomePlace, 298 B.R. 233, 238 (Bankr. D. Del. 2003) (citing Tate Cheese Co., Inc. v. Crotton & Sons, Inc. (In re Tate Cheese Co.), 139 B.R. 567, 569 (Bankr. M.D. Fla. 1992) and 4A Lary Lawrence, Anderson on the Uniform Commercial Code § 2-702:42 (3d ed.)). The right to claim goods, without the right to protect them, is a "fragile" right. 4William L Norton, Jr., Norton Bankruptcy Law & Practice 3d § 65:4.

In support of its motion for summary judgment, the debtor argues that (1) neither BIV's statutory reclamation rights nor court orders entered in this case extend to the proceeds of the inventory, and (2) BIV is not entitled to alternative remedies of an administrative expense claim or a lien in lieu of reclamation. In opposition to the motion, BIV relies on the seminal Eighth Circuit caselaw of Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.), 964 F.2d 842 (8th Cir. 1992) and Griffin Retreading Co. v. Oliver Rubber Co. (In re Griffin Retreading Co.), 795 F.2d 676 (8th Cir. 1986), both of which found in favor of the sellers even after the goods had been sold (in Griffin, the goods were sold in the ordinary course of business; in Pester, the goods were transferred in the plan).

At the outset, the court notes it is unclear from the evidence whether BIV even has a valid reclamation claim, as the bankruptcy schedules show the debtor to have been solvent on the petition date and BIV has not pointed to any evidence of insolvency. The debtor's insolvency at the time the goods were received is an element of § 546(c) and U.C.C. § 2-702.

As to the parties' arguments regarding the court's ability to fashion a remedy for the vendor when the return of the actual goods is not possible, the debtor is correct in its interpretation of § 546(c). Section 546 was amended as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The prior version of the statute contained a provision for granting the vendor a priority administrative expense claim or a lien if the court denied reclamation. The amendments removed those protections for the vendor, but extended, from 10 days to 45 days, the pre-petition delivery window covered by the statute, and established the vendor's ability to claim an administrative expense under § 503(b)(9) even if the vendor did not make a proper reclamation demand. § 546(c)(2).

Under § 546(c) as it now stands, there is no authority for the court to unilaterally extend a seller's rights to assets other than the actual goods. Pre-BAPCPA cases to the contrary, such as Griffin, no longer are precedential authority for that proposition because they are based on an earlier form of the statute.

However, BIV argues that court orders approving the debtor's proposed reclamation claim procedures and the sale of inventory protect BIV's interest even though the products have been sold.

The reclamation claims procedures provide for notice by vendors and evaluation and response by the debtor, with the assurance of breathing room for the debtor via a prohibition against vendors' efforts to resolve their claims by other means:

> The Debtors propose that the Reclamation and Twenty-Day Claim Procedures be the sole and exclusive method for resolving Reclamation Claims and Twenty-Day Claims. As a result, the Debtors request that all vendors be prohibited from seeking any other means for the resolution or treatment of their Reclamation and Twenty-Day Claims, including, without limitation, the following: (a) commencing adversary proceedings against the Debtors in connection with any Reclamation Claim; (b) commencing contested matters in connection with any Twenty-Day Claim under § 503(b)(9); and (3) seeking to obtain possession of any Goods other than as provided in the Reclamation and Twenty-Day Claim Procedures. The Debtors further request that any pending adversary proceeding relating to a Reclamation Claim (including Adv. No. 10-08053 [BIV's adversary proceeding against the debtor]) and any contested matter relating to a Twenty-Day Claim be stayed pending resolution of Reclamation and Twenty-Day Claims pursuant to the procedures requested in this Motion.

Debtor's Motion for Order Establishing Procedures for Determining Reclamation Claims and Claims under § 503(b)(9)¶ 8 (Fil. No. 192).

Likewise, the order confirming the sale of the debtor's inventory to IVESCO Holdings provided that all interests in the inventory – with "interests" being a defined term – would attach to the net sale proceeds. "Interests" are

> all mortgages, liens, pledges, charges, security interests, interests under conditional sale, capital lease or title retention agreement, encumbrances, options, right of first refusal, judgments, claims, demands, successor liability, defects or other adverse claims, interests, or liabilities of any kind or nature (whether known or unknown, accrued, absolute, contingent or otherwise) in, on or arising from the Sale Assets, but not any easements, zoning restrictions, covenants of record and other non-monetary property interests created by any applicable substantive State law[.]

Order under 11 U.S.C. §§ 105, 363 and 365 Confirming and Approving the Sale of Substantially All of the Debtors' Inventory to IVESCO Holdings, LLC, Free and Clear of Liens, Claims, and Encumbrances and Granting Related Relief, at 1 (Fil. No. 161).

This definition of "interests" seems broad enough to include reclamation demands.

The debtor takes the position that BIV lost its reclamation claim by failing to zealously pursue it. Specifically, the debtor argues that BIV should have (1) filed a motion for relief from the stay; (2) objected to the sale of inventory; or (3) moved for a temporary restraining order. Courts do agree with the debtor that a reclamation creditor's failure to diligently pursue its rights results in the

forfeiture of those rights. See Paramount Home Entm't Inc. v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.), ___ B.R. ___, 2010 WL 3522089 (E.D. Va. Sept. 3, 2010) (claimant failed to preserve its reclamation rights when it failed to file a motion for relief or an adversary proceeding, or to object to post-petition financing or sale of goods). In so holding, the court followed Tate Cheese Co., 139 B.R. 567 (claimant lost whatever reclamation rights it may have had by failing to act by self-help or via judicial intervention); In re Adventist Living Ctrs., Inc., 52 F.3d 159 (7th Cir. 1995) (reclamation claimant "slept on its rights" by simply relying on debtor's promise to take an inventory); McLouth Steel Prods. Corp. v. Quaker Chem. Co. (In re McLouth Steel Prods. Corp.), 213 B.R. 978 (E.D. Mich. 1997) ("[I]t was incumbent on [vendors] to timely pursue the reclamation demands through appropriate judicial channels"); Waccamaw's HomePlace, 298 B.R. 233 ("[A]fter making its Reclamation Demand [vendor] inexplicably took no action to protect or enforce its rights with respect to the Reclamation Goods."); Isaly Klondike Co. v. Sunstate Dairy & Food Prods. Co. (In re Sunstate Dairy & Food Prods. Co.), 145 B.R. 341 (Bankr. M.D. Fla. 1992) (to enforce its right, vendor must make a timely demand and diligently assert its right of reclamation).

The debtor's argument fails to take into account that BIV did what it could under the circumstances. The court orders referenced above were filed just a few weeks after the petition date of August 20, 2010 – the sale of inventory was approved on September 14th and the reclamation procedures were approved on September 29th. The sale order contained language from which BIV and other creditors could certainly believe their interests in the inventory were preserved and transferred to the proceeds, and the reclamation procedures order explicitly prohibits vendors from pursuing their remedies, and it stays BIV's adversary proceeding. For the debtor to now use this shield as a sword, by saying that BIV lost its rights by failing to diligently pursue them, is unwarranted.

Judicial estoppel can protect a creditor in this situation. The doctrine of judicial estoppel prevents a party from assuming a legal position contrary to an earlier successful position simply because his interests have changed, particularly if it prejudices the rights of a party who acquiesced in the former position. E.E.O.C. v. CRST Van Expedited, Inc., 614 F. Supp. 2d 968, 973-74 (N.D. Iowa 2009) (citing New Hampshire v. Maine, 532 U.S. 742, 750 (2001)).

Unlike Circuit City, 2010 WL 3522089, where the bankruptcy court had issued a reclamation order expressly stating that its terms were not intended to preclude reclamation claimants from exercising any of their rights, the order entered in the case at bar explicitly prohibits reclamation claimants from taking steps to protect their interest and stays BIV's adversary proceeding.

The situation in this case is more analogous to McLouth Steel, 213 B.R. 978, where certain vendors were found to have diligently pursued their reclamation claims even though they withdrew their reclamation motions and did not file adversary complaints because they relied on the debtor's representations in a consent order that the vendors' rights would be preserved. The court also estopped the debtor from arguing that the vendors failed to establish their reclamation claims because they did not prove that the goods were in the debtor's possession at the time of the demand, when the debtor thwarted all efforts to conduct an inventory. "[Debtor] should not be allowed to both have its proverbial cake and eat it, too, by claiming on the one hand that [vendors] made

improper claims because they did not establish that the goods were on hand, and, on the other, by claiming that [vendors'] claims were extinguished because the goods, which were on hand after all, were sold to a third-party creditor." 213 B.R. at 986.

The debtor is correct in its assertion that the present version of § 546(c) does not provide for a lien on proceeds, but by using language in the sale order indicating that BIV's interest, if any, in the inventory would be transferred to the proceeds, the debtor opened the door to allowing for that possibility. BIV believed its promptly filed reclamation demand and adversary proceeding, and the language of the court orders regarding the sale and the reclamation procedures, protected its interest until a final determination could be made.

With all of this being said, it remains unclear whether BIV will be able to establish its reclamation right, in terms of the element of insolvency, as well as whether any secured creditors' interests in inventory take priority, but it should not be foreclosed at this point in the proceedings from attempting to do so.

IT IS ORDERED: The debtor's motion for summary judgment as to the reclamation claim of Boehringer Ingelheim Vetmedica, Inc. ("BIV") (Fil. No. 695) is denied.

DATED:      May 16, 2011

BY THE COURT:

 /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
　　　*Robert J. Bothe
　　　*Michael T. Eversden
　　　J. Talbot Sant, Jr.
　　　U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.